KATHRYN ROTHFUSS, BY HER FATHER AND NEXT FRIEND, ALFRED ROTHFUSS, AND ALFRED ROTHFUSS, IN HIS OWN RIGHT. APPELLANTS, v. PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT.

Argued March 8, 1923—Decided June 26, 1923.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is an action for the recovery of damages for personal injuries to the plaintiff Kathryn Rothfuss, and for the recovery for loss of services and expenses by her father, Alfred Rothfuss, resulting from an accident which happened February 17th, 1920, when the plaintiff Kathryn Rothfuss, who was crossing Broadway, Camden, from west to east, near the intersection of Washington street, after she had left a southbound car on Broadway, upon which she had been a passenger, came into collision with a northbound trolley car of the defendant.

"The trial resulted in a verdict in favor of Kathryn Rothfuss for $2,500, and in favor of her father in the sum of $1,000.

"A rule to show cause why the verdict should not be set aside was granted the defendant. It provided that 'all exceptions taken in the case be reserved.' After argument the rule was discharged.

"The respondents now deny the right of the railway company to prosecute this appeal. We can see nothing in this objection in view of the reservation in the rule.

"The grounds of appeal relate to two propositions in the charge of the court, in which exceptions were duly taken. They are as follows:

" '(1) If this young lady left the trolley car that was southbound and walked to the sidewalk, as she says she did, and then walked down the cross-over at Washington street and crossed over into the northbound trolley track, and that there was nothing in her way to obstruct her view—she said that the trolley she left had passed on down Broadway and that she observed this northbound trolley—and that as soon as she observed it and she had taken one step into the track in a spirit of hesitancy she faced about and the car struck her, why then I would say she was entitled to recover.'

" '(2) Of course, the girl says that she left the car and walked to the sidewalk, walked south to the cross-over in Washington street, and went out into the track, and her view was not obstructed, she saw this northbound car and it indicated it was going to stop there either for taking on or discharging passengers—I think she was under the impression it was going to take on passengers—and as she started across, and as she approached this track and perhaps took one step on the northbound track, the car came at a high speed and struck her, then she can recover.'

"We think that both paragraphs of the charge were erroneous and prejudicial to the defendant.

"In the circumstances stated therein both the negligence of the motorman and the contributory negligence of the young woman plaintiff became questions of fact for the jury and not questions of law for the court. *Van Colt* v. *New Jersey Street Railway Co.,* 72 N. J. L. 229. It was therefore erroneous for the judge to charge, in effect, that, in the circumstances stated, she was entitled to recover. The question should have been left for the determination of the jury.

"The judgment will be reversed, with costs, and a new trial awarded."

For the appellants, *Albert S. Woodruff*.

For the respondent, *Leonard J. Tynan*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court concerning the charge to the jury.

The same practice questions are presented on this record concerning the reservation of exceptions, and the abrogation thereof upon the discharge of the rule to show cause, as were presented in *Brown* v. *Public Service Railway Co., ante* p. 747, of the present term of this court; and, also, counsel for both sides in this case, as in the Brown case, seek a dismissal of the appeal. But, as in that case and for the reasons therein stated, we think the instant case is properly before this court on appeal, on exceptions reserved in the rule to show cause, and that the appeal was properly taken.

Let the record be remitted to the Supreme Court, to the end that it may there be remitted to the Common Pleas with an award of a *venire de novo*.

WALKER, CHANCELLOR (dissenting). I dissent from the opinion in so far as it says that the judgment under review should be affirmed, for the reasons expressed in the opinion of the Supreme Court concerning the charge to the jury, as I think the charge is right and that the Supreme Court's judgment of reversal should be itself reversed. So far as the practice questions are concerned, I concur in the opinion.

Justices Kalisch and Black authorize me to say that they concur in this view.

*For affirmance*—PARKER, BERGEN, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.   7.

*For reversal*—THE CHANCELLOR, KALISCH, BLACK, JJ.   3.